BAILES, Judge.
Plaintiff brought this suit in tort, individually and as administrator of the estate of his minor son, Victor John Harvey, against defendants to recover damages arising out of an accident involving the said minor son who was run over by a jeep vehicle operated by Francis Boudreaux and insured by Hanover Insurance Company. *332 The accident occurred on Louisiana Highway No. 23 at Port Sulphur, Louisiana, on October 7, 1967.
The trial court rejected the demands of the plaintiff. There is involved a question of fact only. There is no dispute as to the law governing the facts surrounding the occurrence of the accident. Unless the finding of fact of the trial court is so unsupported by the record as to amount to manifest error, we must affirm the judgment of the trial court.
From our examination of the record, including the testimony of all the witnesses, we are convinced that the judgment appealed from is correct, and we do affirm.
The accident occurred on a straight portion of Louisiana Highway 23 shortly after midday at Port Sulphur, Louisiana. At this point the highway courses generally north and south. Defendant, Boudreaux, was driving his jeep northward at a speed of 45 to 50 mph, when he noticed three boys standing on the west shoulder of the road. When he was approximately 100 feet south of the place where the boys were standing, Victor Harvey, left his position of safety and began running across the highway in front of Boudreaux. Instantly Boudreaux applied his brakes in an attempt to stop as quickly as possible. His jeep veered to the right and struck Victor Harvey in the north bound lane four feet from the edge of the paved portion of the highway. There is no evidence at all that Boudreaux was driving faster than 45 to 50 mph.
Plaintiff argues that Boudreaux had the last clear chance to avoid striking the young boy. When the test for invoking of the doctrine of last clear chance [See Fireman’s Fund Insurance Company v. Nola Cabs, Inc., La.App., 145 So.2d 580 (1962)] is applied to the facts of this accident, the application of the doctrine is inappropriate.
When we consider:
1. That young Victor Harvey started running across the highway when the jeep was only 100 feet away;
2. That at 50 mph the jeep was travelling approximately 72 feet per second;
3. That about 50 feet of this 100 foot distance would be expended in normal reaction time;
we find defendant had no opportunity to avoid the accident.
Plaintiff argues that instead of defendant Boudreaux jamming on his brakes, which apparently caused his vehicle to veer to the right, he could have and should have either driven off the highway to the right thus avoiding the youth, or turned his jeep to the left and passed behind young Victor Harvey, and for having failed to take this evasive action, Boudreaux should be adjudged guilty of negligence proximately causing this accident and resultant injuries. The answer to this argument is that Boud-reaux was faced with an emergency not of his making and we cannot hold him to the exercise of action which now may appear to be better than that which he took at the moment of the confrontation. His reaction to this emergency was reasonable under the circumstances.
There was some evidence that Boud-reaux had a can of beer in his vehicle and apparently had been drinking from it prior to the accident. Even if the proof is such as to warrant a conclusion that he was drinking beer prior to the accident, there is nothing to show that it in anyway affected his driving ability. The State Trooper arrived on the scene only minutes after the accident. He did not report that he observed any deficiency in his driving ability.
Accordingly, the judgment appealed from is affirmed at appellant’s cost.
Affirmed.